IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LOGAN FARMS, INC., et al. | : |
| Plaintiffs, | : |
| v. | : Case No. C-1-01 437 |
| HBH, INC., et al. | : |
| Defendants. | : |

## ANSWER OF DEFENDANT THE HONEY BAKED HAM COMPANY (MISSOURI) TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEFENDANT'S COUNTERCLAIM

Defendant The Honey Baked Ham Company (Missouri) ("Missouri" or "Defendant"), by and through counsel, hereby answers and responds to the numbered paragraphs of the Second Amended Complaint filed by Plaintiffs Logan Farms, Inc. and James P. Logan, Jr. (collectively "Plaintiffs") as follows:

### PARTIES

1. Upon information and belief, Defendant admits the allegations set forth in paragraph one of the complaint.

2. Upon information and belief, Defendant admits the allegations set forth in paragraph two of the complaint.

3. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

{W0066501.1}

4. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

5. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

6. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

7. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

8. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

9. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

10. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

11. The first sentence calls for a legal conclusion to which an answer is not required. To the extent the Defendant has been served and filed a Motion to Dismiss Or, In the Alternative, a Motion for Summary Judgment, Defendant admits the second sentence.

12. Defendant admits that HBH, Inc. is a general partner of the HBH Limited Partnership. All remaining allegations are denied.

13. Defendant admits that each Defendant is a licensee of the Limited Partnership. All remaining allegations are denied.

## JURISDICTION AND VENUE

14. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

15. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

16. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

## FACTUAL BACKGROUND

17. Denied.

18. Defendant admits that Plaintiff James P. Logan, Jr. ("Logan") brought suit against Georgia and Foods for, among other claims, patent infringement in federal district court in Louisiana. All remaining allegations are denied.

19. Denied, except to refer the Court to Exhibit D of Plaintiffs' Complaint for an accurate statement of the terms contained therein.

20. Denied.

21. Denied.

22. Defendant admits that Plaintiff Logan continued the suit in Louisiana against Georgia and Foods after failing to obtain a class certification that would have included these Defendants. All remaining allegations are denied.

23. Defendant denies the first sentence, except to admit that Plaintiff Logan tried his claims for breach of contract, fraud in the inducement, and false advertising in violation of the Lanham Act in June 1999. Defendant denies the second sentence, except to refer the Court to the jury verdict forms which the parties have attached to pleadings filed previously.

24. Defendant denies the first sentence, except to refer the Court to the Judgment entered by the Louisiana Court and the pertinent opinions issued by that Court. The remainder of the paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, denied.

25. Denied.

## FIRST CLAIM OF RELIEF
### (Breach of Contract)

26. Defendant adopts and incorporates by reference the answers set forth in paragraphs one twenty-five as though they were fully set forth herein. No answer or response is required because the Court dismissed this Count of the Complaint.

27. No answer or response is required because the Court dismissed this Count of the Complaint.

28. No answer or response is required because the Court dismissed this Count of the Complaint.

29. No answer or response is required because the Court dismissed this Count of the Complaint.

30. No answer or response is required because the Court dismissed this Count of the Complaint.

31. No answer or response is required because the Court dismissed this Count of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Inducement)

32. Defendant adopts and incorporates by reference the answers set forth in paragraphs one through thirty-one as though they were fully set forth herein. No answer or response is required because the Court dismissed this Count of the Complaint.

33. No answer or response is required because the Court dismissed this Count of the Complaint.

34. No answer or response is required because the Court dismissed this Count of the Complaint.

35. No answer or response is required because the Court dismissed this Count of the Complaint.

36. No answer or response is required because the Court dismissed this Count of the Complaint.

37. No answer or response is required because the Court dismissed this Count of the Complaint.

38. No answer or response is required because the Court dismissed this Count of the Complaint.

39. No answer or response is required because the Court dismissed this Count of the Complaint.

40. No answer or response is required because the Court dismissed this Count of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Patent Infringement)

41. Defendant adopts and incorporates by reference the answers set forth in paragraphs one through forty as though they were fully set forth herein, to the extent necessary

{W0066501.1}    5

since the Counts in paragraphs twenty-six through forty have been dismissed. This paragraph contains Plaintiffs' characterization of their action to which no answer is required, but insofar as an answer may be deemed to be required, denied.

42. Denied, except to respectfully refer the Court to the patent for the terms contained therein.

43. Denied, except to respectfully refer the Court to the Reexamination Certificate for the terms contained therein.

44. Denied, except to respectfully refer the Court to the patent for the terms contained therein.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. In addition, this paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

46. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied.

47. This paragraph contains Plaintiffs' prayer for relief and not averments of fact which require an answer, but insofar as an answer is deemed to be required, denied.

## FOURTH CLAIM FOR RELIEF
### (False Advertising)

48. Defendant adopts and incorporates by reference the answers set forth in paragraphs one through forty-eight as though they were fully set forth herein. No answer or response is required because the Court dismissed this Count of the Complaint.

49. No answer or response is required because the Court dismissed this Count of the Complaint.

50. No answer or response is required because the Court dismissed this Count of the Complaint.

51. No answer or response is required because the Court dismissed this Count of the Complaint.

52. No answer or response is required because the Court dismissed this Count of the Complaint.

### Counts Raised in the Alternative

53. This paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, denied. This paragraph contains Plaintiffs' prayer for relief and not averments of fact which require an answer, but insofar as an answer is deemed to be required, denied.

To the extent not otherwise addressed in the preceding answers to the numbered paragraphs, any remaining allegations are hereby denied.

### PRAYER FOR RELIEF

WHEREFORE, Defendant denies that the Plaintiffs are entitled to any relief whatsoever from Defendant, including the relief prayed for under the WHEREFORE Clause.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint, and each purported cause of action constituted therein, is barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint, and each purported cause of action constituted therein, is barred in whole or in part by the Court's August 29, 2003 Order dismissing Plaintiffs' breach of contract claim, fraudulent inducement claim, civil conspiracy claim, violation of the Ohio Deceptive Trade Practice Act claim and Lanham Act false advertising claim.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint, and each purported cause of action constituted therein, is barred in whole or in part by laches.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint, and each purported cause of action constituted therein, is barred in whole or in part by the doctrine of res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint, and each purported cause of action constituted therein, is barred in whole or in part by judicial estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint, and each purported cause of action constituted therein, is barred in whole or in part by collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint and each purported cause of action constituted therein, is barred in whole or in part by equitable estoppel.

### TENTH AFFIRMATIVE DEFENSE

By entering into the Non-Exclusive Patent License and Cross-License Agreement, Plaintiffs waived any right to proceed with any claims for patent infringement.

### ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. § 252, none of the original claims of U.S. Patent No. 5,030,472 or Reexamination Certificate No. B1 5,030,472 are identical to the claims in Re. 35,374, and, therefore, all original claims of U.S. Patent No. 5,030,472 and Reexamination Certificate No. B1 5,030,472 have been surrendered and are extinguished.

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. § 252, none of the original claims of U.S. Patent No. 5,030,472 or Reexamniation Certificate No. B1 5,030,472 are identical to the claims in Re. 35,374. Accordingly, there is no claim continuity, and the claims of Re. 35,374 are effective only as of its issue date, November 5, 1996.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has not infringed any valid and enforceable claim of U.S. Patent No. 5,030,472; Reexamination Certificate B1 5,030,472; or Re. 35,374.

### FOURTEENTH AFFIRMATIVE DEFENSE

U.S. Patent No. 5,030,472; Reexamination Certificate B1 5,030,472; and Re. 35,374 and all claims thereof are invalid, void and unenforceable on the grounds that they fail to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*

### FIFTEENTH AFFIRMATIVE DEFENSE

U.S. Patent No. 5,030,472; Reexamination Certificate B1 5,030,472; and Re. 35,374 and all claims thereof are invalid, void and unenforceable under 35 U.S.C. § 102 on the following grounds:

a) the alleged invention therein was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent;

b) the alleged invention therein was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year before the date of the application for patent in the United States;

c) the alleged invention therein was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for patent;

d) the applicant for patent did not himself invent the subject matter sought to be patented; and

e) before the applicant's alleged invention therein, the invention was made in this country by another who had not abandoned, suppressed, or concealed it.

### SIXTEENTH AFFIRMATIVE DEFENSE

U.S. Patent No. 5,030,472; Reexamination Certificate B1 5030,472; and Re. 35,374 and all claims thereof are invalid, void and unenforceable for failure to comply with the provisions of 35 U.S.C. §§ 103 and 112.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff, having narrowed his claims during prosecution of his patent application to avoid the prior art, is estopped from claiming a scope for the alleged invention he previously relinquished, or otherwise construing the claims of U.S. Patent No. 5,030,472; Reexamination Certificate B1 5,030,472; and Re. 35,374 to cover the use or sale of any product of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

No product made, used or sold by Defendant comes within the scope of any claim of the Patents-in-Suit when properly construed.

### NINETEENTH AFFIRMATIVE DEFENSE

The Patents-in-Suit, and all claims therein, are invalid, void and unenforceable, because Plaintiff Logan engaged in inequitable conduct in the procurement thereof by misrepresenting the operation and state of the prior art to the Patent Office.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant has intervening rights with respect to the sale of spiral slice meat products under 35 U.S.C. §§ 307 and 252.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Patents-in Suit are invalid for anticipation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Patents-in Suit are invalid for failure to disclose the best mode.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Patents-in Suit are invalid for lack of enablement.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Patents-in Suit are barred and unenforceable due to patent misuse.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant avails itself of, and adopts such defense as have been or will be raised by any other Defendant to this action.

## COUNTERCLAIM FOR DECLARATION OF PATENT INVALIDITY AND NON-INFRINGEMENT

For its counterclaim to the Complaint herein, Defendant, now Counterclaim Plaintiff, alleges and states as follows:

1. This action arises under the provisions of the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S. C. §§ 100 *et seq*. This Court has original jurisdiction over the subject matter under the provisions of Rule 13(a) of the Federal Rules of Civil Procedure, and under the provisions of 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2. Counterclaim Defendant have charged Counterclaim Plaintiff with the unauthorized manufacture, use and sale of boneless, spirally sliced meats as covered by one or more of the claims of the Patents-in-Suit.

3. The Patents-in-Suit and all of the claims thereof are invalid, void, unenforceable and not infringed for the reasons set forth herein and in the Sixteenth through Thirtieth Affirmative Defenses included above, which are adopted and incorporated by reference as though fully pleaded herein.

4. By reason of the foregoing, an actual and justiciable controversy between Counterclaim Defendant and Counterclaim Plaintiff has arisen regarding the validity, enforceability, and non-infringement by Counterclaim Plaintiff of the Patents-in-Suit.

### Prayer for Relief

WHEREFORE, Counterclaim Plaintiff demands judgment and prays for relief as follows:

1. That the Court enter judgment dismissing the Second Amended Complaint with prejudice without recovery thereon;

2. That the Court declare that U.S. Patent No. 5,030,472 Reexamination Certificate B1 5,030,427 and Re. 35,374 are invalid;

3. That the Court declare all of the claims of U.S. Patent No. 5,030,472 and Reexamination Certificate B1 5,030,472 are unenforceable;

4. That the Court declare and adjudicate, pursuant to 28 U.S.C. §§ 2201 and 2202, the respective rights and relations of the parties with respect to the maters in issue, to include a declaration that the Patents-in-Suit and all claims thereof, are invalid, unenforceable, and not infringed by any product manufactured, used, sold, or offered for sale by Counterclaim Plaintiff;

5. That the Court award Counterclaim Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

6. That the Court tax all costs associated with this suit against Counterclaim Defendant; and

7. That the Court grant to Plaintiff such other and further relief as the Court deems just and proper.

## Jury Demand

Counterclaim Plaintiff hereby demands trial by jury on its Counterclaim.

Respectfully submitted,

s/ Marcia V. Andrew
W. Stuart Dornette Bar Number: 0002955
Marcia V. Andrew Bar Number: 0040289
Attorneys for Defendants
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
E-mail: dornette@taftlaw.com
E-mail: andrew@taftlaw.com

Of Counsel:

Mark Fox Evens
Jeffrey R. Gans
Grace M. Mora
THELEN REID & PRIEST LLP
701 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20004-2608
Phone: (202) 508-4000
Fax:    (202) 508-4321

## CERTIFICATE OF SERVICE

  I hereby certify that on March 22, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William R. Jacobs, Esq.
Joseph J. Braun, Esq.
Thomas L. Stachler, Esq.
Attorneys for Plaintiffs
Strauss & Troy
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018

and I hereby certify that I have mailed by United States Postal Service the document to the following nonCM/ECF participants:

| | |
|---|---|
| Guy E. Matthews, Esq. | Waite Schneider Bayless & Chesley Co., LPA |
| Attorney for Plaintiffs | Attorneys for Plaintiffs |
| The Matthews Firm | 1513 Fourth & Vine Tower |
| 1900 West Loop South, 3D | One West Fourth Street |
| International Tower, S. 1800 | Cincinnati, OH 45202 |
| Houston, TX 77027 | |

              s/ Marcia V. Andrew
              Marcia V. Andrew 0040289
              Attorney for Defendants
              Taft, Stettinius & Hollister LLP
              425 Walnut Street, Suite 1800
              Cincinnati, OH 45202-3957
              Phone: (513) 381-2838
              Fax:  (513) 381-0205
              E-mail: andrew@taftlaw.com